UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SEAN MICHAEL MYERS, and                         CASE NO. _____
DAKOTA BLUE SERNA
      Plaintiffs                              HON. _____
v.

RUTH JOHNSON MICHIGAN                           TRO
SECRETARY OF STATE,
CHRISTOPHER THOMAS DIRECTOR
OF BUREAU OF ELECTIONS, and
BOARD OF STATE CANVASSERS,
(sued in their official capacities)
      Defendants.

**TEMPORARY RESTRAINING ORDER**

Having considered Plaintiffs' Ex Parte Motion for a Temporary Restraining Order, and finding that:

(1) Plaintiffs have a strong likelihood of success on the merits,

(2) Plaintiffs would suffer irreparable injury absent an injunction, because their own signatures and signatures they gathered as circulators would be discarded placing an undue burden on Plaintiffs' first, fifth and fourteenth amendment, core political speech, political association, equal protection and due process rights.

(3) Granting the injunction would not cause substantial harm to others, &

(4) The public interest would be served by granting the injunction.

The Sixth Circuit has long held that a district court "possesses discretion over whether to require the posting of security." Moltan Co. v. Eagle. Picher Indus., Inc., 55 F.3d 1171, 1176 (6th Cir. 1995). The security requirement has been waived where an

injunction is not likely to result in harm to the party enjoined, where the exercise of constitutional rights is at issue, and where a suit is brought in the public interest. 13 Moore's Federal Practice, § 65.52 (3d Ed.). In addition, other circuits have held that in public interest litigation, the district court has the discretion to dispense with the security requirement or to require nominal security if requiring security would, in effect, deny access to judicial review. Save Our Sonoran, Inc v. Flowers, 408 F.3d 1113, 1126 (9th Cir. 2005). This court waives the security requirement.

IT IS HEREBY ORDERED THAT:

Defendants shall stop any printing of ballots until this matter is resolved;

Defendants shall canvass and count the MILegalize petition signatures, including Plaintiffs', immediately, and to complete the work within 3-days, in order to give time to put the 100 word summary on the November 2016 presidential election ballot for mailout on September 24th to overseas military personnel.

That 2016 PA 142 is not a lawful basis to deny Plaintiffs any rights, as the MILegalize petitions were filed prior to the Governor's signing 2016 PA 142 into law.

That this restraining order in any event shall expire within 14 days.

Plaintiffs' attorney represents that he has sent a file-stamped copy of the initial pleadings to the lawyers for defendants and is perfecting service of process. Because the ballots are being sent to the printers today and because plaintiffs' affidavits clearly show that immediate and irreparable injury shall result to plaintiffs before the State can be heard in opposition, the court grants this motion.

The court hereby schedules a preliminary injunction hearing for Sept. ___, 2016 at _____ in this courtroom _____.

Date: _____                    _____
                                           US District Court Judge
Time: _____